México, D.F., 2 de junio de 2015.

PODER JUDICIAL DE LA FEDERACIÓN

CARTA ROGATORIA NUM. 2/2015-II

EL LICENCIADO ENRIQUE CLAUDIO GONZÁLEZ MEYENBERG, JUEZ SEXTO DE DISTRITO EN MATERIA CIVIL EN EL DISTRITO FEDERAL, A USTED SECRETARIO DE RELACIONES EXTERIORES, A QUIEN TENGO EL HONOR DE DIRIGIRME, HAGO SABER:

QUE EN LOS AUTOS DEL JUICIO ORDINARIO MERCANTIL 597/2014-II, PROMOVIDO POR OPERACIÓN Y SUPERVISIÓN DE HOTELES, SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE, EN CONTRA DE SERVICIOS ADMINISTRATIVOS ETISA, SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE Y OTRAS, SE DICTO UN AUTO QUE A LA LETRA DICE:

*"MÉXICO, DISTRITO FEDERAL, VEINTISÉIS DE MAYO DE DOS MIL QUINCE.*

*Agréguense a sus autos los escritos de cuenta signados el primero por Agustín García Bolaños Cacho, en su carácter de representante legal de Servicios Administrativos Etisa, Sociedad Anónima de Capital Variable, personalidad que tiene acreditada y reconocida en autos (folio 311 del tomo II) y el segundo por Samantha Sirenia Álvarez Méndez, en su carácter de apoderada de la actora Operación y Supervisión de Hoteles, Sociedad Anónima de Capital Variable, personalidad que tiene acreditada y reconocida en autos (folio 248 del tomo I) y en atención a su contenido se provee:*

*Respecto al ocurso signado con el folio 15053, como lo solicita el promovente, se tiene por autorizada para oír y recibir notificaciones, documentos y valores e imponerse de autos a la persona que refiere, en términos de lo dispuesto por el penúltimo párrafo del artículo 1069 del Código de Comercio, sin perjuicio de las designadas con anterioridad.*

*Por cuanto hace al escrito registrado con el número 15054, dígase a la ocursante que respecto de la petición que realiza, en el sentido de acusar la rebeldía en que incurrieron las codemandadas Bank of América México, Sociedad Anónima, Institución de Banca Múltiple (en adelante Bank of América México) y Bank of América, National Association (en adelante Bana), por no haber desahogado la vista que se les dio mediante proveído de seis de mayo del año en curso (folios 438 a 444 del tomo II), en relación a las pruebas ofrecidas por la accionante, dígasele que deberá estarse a lo acordado mediante proveído de veintidós de mayo del año en curso (folio 567 a 569 del tomo II), en que este órgano jurisdiccional acordó lo relativo a las pruebas periciales.*

*Ahora bien, este órgano jurisdiccional procede a preparar el desahogo de las pruebas testimoniales admitidas a la parte actora mediante proveído de seis de mayo del año en curso (folios 438 a 444 tomo II), marcadas con los números 7 y 8 de la siguiente manera:*

*Por cuanto hace a la testimonial a cargo de Agustín García Bolaños Cacho, cuyo domicilio se encuentra localizado en:*



❖ *Rivera del Lago número 36, Fraccionamiento Lomas de Cocoyoc, Municipio de Atlatlahuacan, en el Estado de Morelos.*

Con fundamento en lo dispuesto por los artículos 144 y 145 de la Ley Orgánica del Poder Judicial de la Federación, además de conformidad con el Acuerdo General número 3/2013 del Pleno del Consejo de la Judicatura Federal y 1071 del Código de Comercio, líbrese atento exhorto al Juez de Distrito en turno en el Estado de Morelos, con residencia en Cuernavaca, para que en auxilio de las labores de este juzgado, se sirva desahogar la testimonial en comento, para lo cual se ordena acompañar a la comunicación oficial el interrogatorio de preguntas formulado por la parte actora, en sobre cerrado; por tanto, en su preparación, se procede a la calificación del mismo el cual consta de doce preguntas, las cuales se califican de legales en su totalidad a excepción de la marcada con el número once; lo anterior, con fundamento en el artículo 1263 del Código de Comercio, esto es tomando en consideración que la pregunta formulada en la número once, se encuentra contenida en la pregunta doce, motivo por el cual al repetirse no se califica de legal; pliego de preguntas del cual se ordena agregar al exhorto de que se trata y déjese copia del mismo agregado en autos para constancia, en la inteligencia de que las codemandadas no formularon repreguntas.

Ahora bien, para el desahogo de la testimonial en comento, solicítese al juez exhortado que proceda a la citación del testigo Agustín García Bolaños Cacho, en el domicilio ubicado en: Rivera del Lago número 36, Fraccionamiento Lomas de Cocoyoc, Municipio de Atlatlahuacan, en el Estado de Morelos, facultándolo para que imponga las medidas de apremio necesarias para lograr su citación y en general para que provea lo necesario para el eficaz desahogo de esta diligencia y señale fecha para su recepción, haciéndolo del conocimiento a este órgano jurisdiccional vía fax (0155 5133 8100, ext. 1759), para que las partes, si es su deseo, tengan oportunidad de asistir a esa diligencia en términos de lo dispuesto por el artículo 1270 del Código de Comercio.

Para su cumplimiento se faculta al juzgado exhortado para acordar todo tipo de promociones, requerir a la actora las aclaraciones necesarias que tengan el propósito directo o indirecto para el cumplimiento de la diligencia ordenada, dejar citatorios e imponer las medidas de apremio que resulten necesarias, habilitar días y horas inhábiles; asimismo, se le otorga libertad de jurisdicción para que a su vez delegue dichas facultades al juez que por cuestión del domicilio del testigo deba conocer de la diligencia solicitada.

De igual forma, con fundamento en el artículo 1072 del código citado con antelación, deberá entregarse a la actora o a sus autorizados el exhorto respectivo, para que lo haga llegar a su destino; por tanto, se requiere a la actora para que dentro del término de tres días contados a partir de la notificación del presente proveído, comparezca a este juzgado a recoger el aludido exhorto, bajo apercibimiento que de no hacerlo así en los plazos indicados, se dejará de recibir esa probanza por imposibilidad en su desahogo.

En relación a la testimonial a cargo de Thomas Ruffing, cuyo domicilio se ubica en:

❖ *83 Ochard RD, Briarcliff Manor NY, 10510-1022 (Westchester County), en Estado Unidos del Norte América.*

Ahora bien, atento al contenido del artículo 88 del Código Federal de Procedimientos Civiles, aplicado supletoriamente al Código de Comercio, que señala que los hechos notorios pueden ser invocados por el tribunal que conozca del asunto referente al caso, aunque no hayan sido alegados,



FORMA B-1

ni probados por las partes del mismo; se tiene como hecho notorio que el presente juicio se encuentra acumulado al diverso ordinario mercantil 479/2010-IV, promovido por Operación y Supervisión de Hoteles, Sociedad Anónima de Capital Variable, en contra de Promotora de Inmuebles del Caribe, Sociedad Anónima de Capital Variable, de este juzgado, ambos promovidos por la misma parte actora, motivo por el cual al tener a la vista el citado juicio se advierte que la accionante señaló como nuevo domicilio del testigo Thomas Ruffing, el ubicado en 83 Ochard RD, Briarcliff Manor NY, 10510-1022 (Westchester County) en Estado Unidos del Norte América, lo cual constituye un hecho notorio del cual este juzgador tiene conocimiento y se invoca en esta instancia.

Sirve de apoyo a lo anterior el criterio sustentado por el Tribunal Colegiado del Vigésimo Circuito, en la jurisprudencia XXII. J/12, publicada en la página 295 del Semanario Judicial de la Federación y su Gaceta, Tomo V, Enero de 1997, Materia Común, que a la letra dice:

"HECHO NOTORIO. LO CONSTITUYE PARA UN JUEZ DE DISTRITO LOS DIVERSOS ASUNTOS QUE ANTE EL SE TRAMITAN. La anterior Tercera Sala de la Suprema Corte de Justicia de la Nación, en la jurisprudencia número 265, visible en las páginas 178 y 179 del último Apéndice al Semanario Judicial de la Federación, del rubro: "HECHO NOTORIO. LO CONSTITUYE PARA UNA SALA DE LA SUPREMA CORTE DE JUSTICIA DE LA NACION UNA EJECUTORIA EMITIDA POR EL TRIBUNAL PLENO.", sostuvo criterio en el sentido de que la emisión de una ejecutoria pronunciada con anterioridad por el Pleno o por la propia Sala, constituye para los Ministros que intervinieron en su votación y discusión un hecho notorio, el cual puede introducirse como elemento de prueba en otro juicio, sin necesidad de que se ofrezca como tal o lo aleguen las partes. Partiendo de lo anterior, es evidente que para un Juez de Distrito, un hecho notorio lo constituyen los diversos asuntos que ante él se tramitan y, por lo tanto, cuando en un cuaderno incidental exista copia fotostática de un diverso documento cuyo original obra en el principal, el Juez Federal, al resolver sobre la medida cautelar y a efecto de evitar que al peticionario de amparo se le causen daños y perjuicios de difícil reparación, puede tener a la vista aquel juicio y constatar la existencia del original de dicho documento."

Con fundamento en lo dispuesto por numeral 1073 de la legislación mercantil vigente, así como en la Convención de La Haya sobre la Obtención de Pruebas en el Extranjero en Materia Civil o Comercial, líbrese Carta Rogatoria con los insertos necesarios al Departamento de Justicia de los Estados Unidos de Norteamérica (autoridad central), con apoyo en lo dispuesto en el artículo 2° del citado instrumento internacional, para que en auxilio de las labores de este Juzgado de Distrito, se sirva desahogar la TESTIMONIAL a cargo de Thomas Ruffing, con domicilio en: 83 Ochard RD, Briarcliff Manor NY, 10510-1022 (Westchester County), en Estado Unidos del Norte América, por medio del órgano jurisdiccional correspondiente (Juez competente en la Ciudad de Nueva York, Estados Unidos de Norteamérica), cumpliendo con los requisitos establecidos en el diverso precepto 3° de la citada Convención, como sigue:

a) Autoridad requirente:
Juzgado Sexto de Distrito en Materia Civil en el Distrito Federal.
Edificio Sede del Poder Judicial de la Federación en San Lázaro, Eduardo Molina número 2, Colonia Del Parque, Delegación Venustiano Carranza, código postal 15960, en México, Distrito Federal.

Autoridad requerida:
Juez competente en la Ciudad de Nueva York, Estados Unidos de Norteamérica.



ER JUDICIAL

*b) Identidad y dirección de las partes, y en su caso de sus representantes.*

*Actora:*
   ❖      *Operación y Supervisión de Hoteles, Sociedad Anónima de Capital Variable.*
*Domicilio: LAS LISTAS QUE SE PUBLICAN EN LOS ESTRADOS DEL JUZGADO REQUIRIENTE.*

*Codemandadas:*
   ❖      *Servicios Administrativos Etisa, Sociedad Anónima de Capital Variable.*
*Domicilio: Insurgentes Sur 1999, Colonia Guadalupe Inn, C.P. 01020, esta ciudad de México, Distrito Federal.*

   ❖      *Bank of América México, Sociedad Anónima, Institución de Banca Múltiple (en adelante Bank of América México).*
*Domicilio: Calle Capuchinas número 55, Colonia San José Insurgentes, C.P. 03900, esta ciudad de México, Distrito Federal.*

   ❖      *Bank of América, National Association (en adelante Bana).*
*Domicilio: Calle Capuchinas número 55, Colonia San José Insurgentes, C.P. 03900, esta ciudad de México, Distrito Federal.*

*c) La naturaleza y objeto de la instancia y una exposición sumaria de los hechos.*

*La finalidad el presente requerimiento es que se sirva desahogar la TESTIMONIAL a cargo de Thomas Ruffing, con domicilio en 83 Ochard RD, Briarcliff Manor NY, 10510-1022 (Westchester County), en Estado Unidos del Norte América, prueba ofrecida y admitida a la actora en los autos del presente juicio y cuya materia del litigio versa respecto del cumplimiento del contrato de administración hotelera celebrado entre la accionante y Servicios Administrativos Etisa, Sociedad Anónima de Capital Variable, de fecha diez de septiembre de dos mil cuatro, así como la rescisión del contrato de manejo de efectivo de tres de octubre de dos mil seis y nulidad del convenio de cesión de administración celebrado en la misma data, y sus consecuencias.*

*d) Los actos de instrucción u otros actos judiciales a realizar.*

*El desahogo de la testimonial solicitada deberá realizar bajo los lineamientos que enseguida se enuncian, mientras no contravengan las disposiciones legales a las que debe ceñirse la autoridad requerida:*

   5.      *El notificador designado deberá cerciorarse que el domicilio proporcionado para la práctica de la citación sea el correcto y una vez cerciorado que así sea, notificará al buscado el día y hora que señale la concesionaria privada exhortada para el desahogo de la prueba testimonial peticionada; si no lo encontrare, deberá practicar la notificación por cédula que entregará a los empleados o cualesquiera otra persona que viva en el domicilio, asentado en todo caso los medios de que se valió el notificador para acreditar de que es el domicilio correcto y que la persona con quien se entendió la diligencia se identifique ante éste, o en su caso, que de alguna forma proporcione sus generales y media filiación para la debida identificación.*

   6.      *Acto seguido, procederá a practicar la notificación respectiva entregando al buscado o a la persona con quien se entienda, los documentos que en copia certificada se adjunten al exhorto en cuestión; así como el lugar, fecha y hora en que deberá presentarse para el desahogo de la prueba testimonial solicitada.*



FORMA B-1

ER JUDICIAL DE LA FEDERACIÓN

7. El día señalado para el desahogo de la prueba testimonial, el testigo deberá acreditar su personalidad o identidad con una identificación oficial que contenga una fotografía del testigo, de la cual deberá agregarse copia al acta que se realice, asimismo, deberá asentarse en el acta sus generales; esto es su nombre completo, edad, estado civil, domicilio ocupación, si es pariente por consanguinidad o afinidad y en qué grado de alguna de las partes, si es dependiente o empleado de las partes, o si tiene alguna sociedad o alguna otra relación de intereses con las partes, si tiene interés directo o indirecto en el pleito si es amigo íntimo o enemigo de alguno de los litigantes, acto seguido procederá al desahogo de las preguntas contenidas en el pliego de interrogación remitido.

8. Hecho lo anterior, devuelva la carta rogatoria con la diligencia que se practique o el resultado de la misma.

Asimismo, se indica que conforme a las leyes mexicanas, el desahogo de la prueba testimonial en el juicio ordinario mercantil se rige por las reglas establecidas en el Código de Comercio, y de manera supletoria el Código Federal de Procedimientos Civiles, a fin de que sean tomadas en consideración siempre y cuando no contravengan las disposiciones establecidas en la autoridad requerida.

Las disposiciones regulatorias del Código de Comercio, aplicables al desahogo de la testimonial de que se trata, son del tenor literal siguiente:

"Artículo 1,261. Todos los que tengan conocimiento de los hechos que las partes deben de probar, están obligados a declarar como testigos.

Artículo 1,264. La protesta y examen de los testigos se hará en presencia de las partes que concurrieren. Interrogará el promovente de la prueba y a continuación los demás litigantes.

Artículo 1,265. Después de tomarle al testigo la protesta de conducirse con verdad y de advertirle de las penas en que incurren los testigos falsos, se hará constar el nombre y apellidos, edad, estado, domicilio y ocupación; si es pariente por consanguinidad o afinidad y en que grado, de alguno de los litigantes, si es dependiente o empleado del que lo presente, o tiene con él sociedad o alguna otra relación de intereses; si tiene interés directo o indirecto en el pleito, si es amigo íntimo o enemigo de alguno de los litigantes. A continuación se procederá al examen.



Artículo 1,269. Cuando el testigo resida fuera de la jurisdicción territorial del juez que conozca del juicio, deberá el promovente, al ofrecer la prueba, presentar sus interrogatorios con las copias respectivas para las otras partes, que dentro de tres días podrán presentar sus interrogatorios de repreguntas. Para el examen de estos testigos, se librará exhorto en que se incluirán en pliego cerrado, las preguntas y repreguntas.

Cuando se solicitare el desahogo de prueba testimonial o de declaración de parte para surtir efectos en un proceso extranjero, los declarantes podrán ser interrogados verbal y directamente en los términos que dispone este Código.

Para ello será necesario que se acredite ante el tribunal del desahogo, que los hechos materia del interrogatorio están relacionados con el proceso pendiente y que medie solicitud de parte o de la autoridad exhortante.



*Artículo 1,270. Las partes pueden asistir al acto del interrogatorio de los testigos, pero no podrán interrumpirlos ni hacerles otras preguntas ó repreguntas que las formuladas en sus respectivos interrogatorios. Sólo cuando el testigo deje de contestar a algún punto, o haya incurrido en contradicción, o se haya expresado con ambigüedad, pueden las partes llamar la atención del juez, para que éste, si lo estima conveniente, exija al testigo las aclaraciones oportunas.*

*Artículo 1,272. El juez, al examinar á los testigos, puede hacerles las preguntas que estime convenientes, siempre que sean relativas á los hechos contenidos en los interrogatorios.*

*Cuando el testigo deje de contestar á algún punto o haya incurrido en contradicción, o se haya expresado con ambigüedad, pueden las partes llamar la atención del juez para que éste, si lo estima conveniente, exija al testigo las aclaraciones oportunas.*

*El tribunal tendrá la más amplia facultad para hacer a los testigos y a las partes las preguntas que estime conducentes a la investigación de la verdad respecto a los puntos controvertidos.*

*Si el testigo no sabe el idioma, rendirá su declaración por medio de intérprete, que será nombrado por el juez. Si el testigo lo pidiere, además de asentarse su declaración en castellano, podrá escribirse en su propio idioma por él o por el intérprete.*

*Las respuestas del testigo se harán constar en autos en forma que al mismo tiempo se comprenda el sentido o términos de la pregunta formulada. Salvo en casos excepcionales, a juicio del juez, en que permitirá que se escriba textualmente la pregunta y a continuación la respuesta.*

*Los testigos están obligados a dar la razón de su dicho y el juez deberá exigirla en todo caso."*

Luego, las disposiciones regulatorias del Código Federal de Procedimientos Civiles, son del tenor literal siguiente:

*CAPÍTULO III*
*"Notificaciones. [...]*
*Artículo 304.- La resolución en que se mande hacer una notificación, citación o emplazamiento, expresará el objeto de la diligencia y los nombres de las personas con quienes ésta deba practicarse.*

*Artículo 310.- Las notificaciones personales se harán al interesado o a su representante o procurador, en la casa designada, dejándole copia íntegra, autorizada, de la resolución que se notifica. [...]*

*Si se tratare de la notificación de la demanda, y a la primera busca no se encontrare a quien deba ser notificado, se le dejará citatorio para que espere, en la casa designada, a hora fija del día siguiente, y, si no espera, se le notificará por instructivo, entregando las copias respectivas al hacer la notificación o dejar el mismo.*

*Artículo 311.- Para hacer una notificación personal, y salvo el caso previsto en el artículo 307, se cerciorará el notificador, por cualquier medio, de que la persona que deba ser notificada vive en la casa designada, y, después de ello, practicará la diligencia, de todo lo cual asentará razón en autos.*

*En caso de no poder cerciorarse el notificador, de que vive en la casa designada, la persona que debe ser notificada, se abstendrá de practicar la notificación, y lo hará constar para dar cuenta al tribunal, sin perjuicio de que pueda proceder en los términos del artículo 313.*

*Artículo 312.- Si, en la casa, se negare el interesado o la persona con quien se entienda la notificación, a recibir ésta, la hará el*



FORMA B-1

*notificador por medio de instructivo que fijará en la puerta de la misma, y asentará razón de tal circunstancia. En igual forma se procederá si no ocurrieren al llamado del notificador.*

*Artículo 313.- Cuando, a juicio del notificador, hubiere sospecha fundada de que se niegue que la persona por notificar vive en la casa designada, le hará la notificación en el lugar en que habitualmente trabaje, si la encuentra, según los datos que proporcione el que hubiere promovido. Puede igualmente hacerse la notificación personalmente al interesado, en cualquier lugar en que se encuentre; pero, en los casos de este artículo, deberá certificar, el notificador, ser la persona notificada de su conocimiento personal, o haberle sido identificada por dos testigos de su conocimiento, que firmarán con él, si supieren hacerlo. Para hacer la notificación, en los casos de este artículo, lo mismo que cuando el promovente hiciere diversa designación del lugar en que ha de practicarse, no se necesita nueva determinación judicial.*

*Artículo 317.- Deben firmar las notificaciones la persona que las hace y aquellas a quien se hacen. Si ésta no supiere o no quisiere firmar, lo hará el notificador, haciendo constar esta circunstancia. A toda persona se le dará copia simple de la resolución que se le notifique, sin necesidad de acuerdo judicial. Las copias que no recojan las partes, se guardarán en la secretaría, mientras esté pendiente el negocio."*

*e) Los nombres y direcciones de las personas a oír.*

- ❖ *Thomas Ruffing, con domicilio en 83 Ochard RD, Briarcliff Manor NY, 10510-1022 (Westchester County), en Estado Unidos del Norte América.*

*f) Las cuestiones a presentar a las personas a oír o los hechos sobre los que ellas deban ser oídas.*

- ❖ *Se le presentará el sobre cerrado que contiene el interrogatorio del cual versará el desahogo de la prueba testimonial en comento y de los hechos que conoce.*

*Así también, para el desahogo de la testimonial de mérito, se faculta a la autoridad requerida en los términos antes citados, y señale fecha y hora para su recepción, haciéndolo del conocimiento de este juzgado vía fax (0155 5133 8100, extensión 1759), o por los medios de comunicación que estime pertinentes, para que las partes tengan oportunidad, si es su deseo, de asistir a esa diligencia en términos de lo dispuesto por el artículo 1270 del Código de Comercio; en la inteligencia de que las codemandadas no formularon repreguntas.*

*También se faculta al Juez competente en la Ciudad de Nueva York, Estados Unidos de Norteamérica, para que una vez que ordene citar al testigo el día y hora que al efecto indique, lo haga bajo el apercibimiento que de no comparecer sin justa causa, se hará acreedor a las medidas de apremio que estime conducentes y necesarias, facultándolo expresamente para ello, y en general para que provea lo necesario para el eficaz desahogo de esa diligencia; como es de forma enunciativa más no limitativa, acordar todo tipo de promociones encaminadas al desahogo de la testimonial solicitada.*

*Asimismo, hágasele saber a la autoridad requerida, que quedan autorizados para realizar todo tipo de gestiones y presentar promociones que tengan el fin aludido Samantha Sirenia Álvarez Méndez, Hugo Alejandro Gómez Contreras y Maricruz Moreno Reyes.*



R JUDICIAL

*g) Los documentos u otros objetos a examinar.*

*Sobre cerrado que contiene el interrogatorio de preguntas formulado por la parte actora; por tanto, en su preparación, se procede a la calificación del mismo el cual constan de quince preguntas, las cuales se califican de legales en su totalidad a excepción de la marcada con el número catorce; lo anterior con fundamento en el artículo 1263 del Código de Comercio, esto es tomando en consideración que la pregunta formulada en la número catorce, se encuentra contenida en la pregunta quince, motivo por el cual al repetirse, no se califica de legal, el citado pliego de preguntas se agrega a la carta rogatoria de que se trata y déjese copia certificada del mismo en el seguro del juzgado.*

*h). La petición a recibir la deposición bajo juramento o con afirmación y, en su caso, la indicación de la fórmula a utilizar.*

*Al llevarse a cabo el desahogo de la testimonial en comento, se deberá de realizar bajo la protesta de ley y se le hace saber que las personas que se conducen con falsedad o rinden un testimonio falso ante una autoridad judicial incurren en un delito; asimismo, deberá indicar la razón de su dicho.*

*i). Las formas especiales cuya aplicación se demanda conforme al artículo 9o.*

*No aplica.*

*Por tanto, se pone a disposición de la parte actora la carta rogatoria de mérito por duplicado, en el entendido que queda bajo su responsabilidad presentarla con su respectiva traducción, así como los anexos necesarios, también con su traducción correspondiente y de aquellos documentos o constancias que le sean anexadas con posterioridad, para su tramitación, a fin de que realice las gestiones necesarias para su diligenciación; esto es, la presente ante el Consejo de la Judicatura Federal, a fin de que éste proceda a la legalización de firmas de los funcionarios que la signan; posteriormente la presente ante la Secretaría de Gobernación, para su apostillamiento a su costa, debiendo realizar la traducción respectiva de éste también, y realizar las gestiones necesarias para su envío, tramitación y devolución en el plazo concedido para ello.*

*Apostillada que sea la carta rogatoria que nos ocupa, se sirva devolverla de inmediato a este órgano jurisdiccional para constatar tal acto, con su respectiva traducción al idioma inglés de los Estados Unidos de América, por triplicado; tanto de la citada comunicación oficial, como del apostillamiento, así como de las copias de traslado (interrogatorio) y del presente proveído, así como de la certificación que se realice de este último, necesario para practicar el desahogo de la testimonial de que se trata.*

*Para ello, requiérase a la parte actora mediante notificación que se le haga por medio de lista, a fin de que comparezca en el local de este juzgado dentro del término de tres días siguientes al en que sea notificada del presente proveído, a recoger los oficios correspondientes junto con los insertos y anexos necesarios, para los efectos antes precisados, dentro de los cinco siguientes acredite haber realizado el primer trámite para su diligenciación, con documentación idónea y dentro de los diez siguientes las subsecuentes gestiones hasta su radicación ante la autoridad competente en los Estados Unidos de América, con el apercibimiento que de no hacerlo en los plazos indicados, se dejará de recibir esa probanza por imposibilidad en su desahogo.*

*De igual forma, se apercibe a la parte actora, para el caso de que*

FORMA 0-1



ER JUDICIAL DE LA FEDERACIÓN

*por causas imputables a su representada la carta rogatoria no llega a diligenciarse, se dejará de recibir dicha probanza por imposibilidad en su desahogo.*

*Como lo solicita la accionante, se otorga el término extraordinario para el desahogo de la prueba testimonial par el desahogo de la prueba testimonial a cargo de Agustín García Bolaños Cacho y Thomas Ruffing, dado que los domicilios de los citados testigos se encuentran fuera de la jurisdicción de este órgano jurisdiccional y del territorio nacional, por tanto, con fundamento en lo dispuesto por los artículos 1206 y 1207 del Código de Comercio, en relación con el 293 del Código Federal de Procedimientos Civiles de aplicación supletoria al ordenamiento legal señalado en primer lugar, se concede el término extraordinario de cuatro meses a fin de que se logre el desahogo de dicho medios de convicción.*

*Finalmente, agréguense a sus autos las razones de la Actuaria Judicial de la adscripción, mediante la cual manifiesta la imposibilidad que tuvo para notificar a los testigos Guillermo Pérez Santiago y Ricardo Gómez Palacio del Río o Ricardo Adán Gómez Palacio del Río, en cumplimiento al proveído de seis y veinte de mayo de dos mil quince (folios 438 y 444 del tomo II, 505 y 506); por los motivos que indica, con lo anterior, dese vista a la actora para que manifieste lo que a su derecho convenga.*

*NOTIFÍQUESE, POR MEDIO DE LISTA A LA ACTORA Y CÚMPLASE.*

*Lo proveyó y firma el licenciado ENRIQUE CLAUDIO GONZÁLEZ MEYENBERG, Juez Sexto de Distrito en Materia Civil en el Distrito Federal, ante la licenciada Nashielly Paola Tercero Matos, Secretaria que da fe."*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

*"MÉXICO, DISTRITO FEDERAL, DOS DE JUNIO DE DOS MIL QUINCE.*

*Agréguese a sus autos el escrito signado por Samantha Sirenia Álvarez Méndez, en su carácter de apoderada de la actora Operación y Supervisión de Hoteles, Sociedad Anónima de Capital Variable, personalidad que tiene acreditada y reconocida en autos (folio 248 del tomo 1) y en atención a su contenido se provee:*

*Como lo solicita la promovente, y visto el estado procesal que guardan los presentes autos, se advierte que mediante proveído de veintiséis de mayo del año en curso (folios 585 a 592 del tomo II), se asentó como domicilio del testigo Thomas Ruffing, el ubicado en 83 Ochard RD, Briarcliff Manor NY, 10510-1022 (Westchester County), en Estados Unidos del Norte América, siendo el correcto 83 Orchard RD, Briarcliff Manor NY, 10510-1022 (Westchester County), en Estados Unidos de Norteamérica; por lo tanto, con fundamento en lo dispuesto por el artículo 1055, fracción VIII del Código de comercio, se aclara el citado proveído únicamente respecto al domicilio correcto del mencionado testigo debiendo quedar como 83 ORCHARD RD, BRIARCLIFF MANOR, NY 15510-10223 (WESTCHESTER COUNTY), EN ESTADO UNIDOS DE NORTEAMÉRICA, lo anterior, para los efectos legales a que haya lugar, por lo que se ordena insertar el presente auto a la carta rogatoria 2/2015-II.*

*En ese orden, requiérase a la accionante mediante notificación personal, a fin de que comparezca en el local de este juzgado dentro del término de tres días siguientes al en que surta efectos la notificación que se le haga del presente proveído, a recoger la comunicación internacional en comento, en el entendido de que le subsiste el apercibimiento decretado en el ya referido auto de veintiséis de mayo de la presente anualidad (folios 585 a 592 del tomo II).*



*NOTIFÍQUESE, PERSONALMENTE A LA ACTORA Y CÚMPLASE.*

*Lo proveyó y firma el licenciado ENRIQUE CLAUDIO GONZÁLEZ MEYENBERG, Juez Sexto de Distrito en Materia Civil en el Distrito Federal, ante la licenciada Nashielly Paola Tercero Matos, Secretaria que da fe."*

### FIRMADOS. DOS FIRMAS ILEGIBLES. RÚBRICAS.

Y PARA LO QUE POR MI MANDATO TENGA SU MAS EXACTO Y DEBIDO CUMPLIMIENTO, A USTED SECRETARIO DE RELACIONES EXTERIORES, LE SUPLICO QUE EN AUXILIO DE LA JUSTICIA FEDERAL, Y DE NO EXISTIR INCONVENIENTE LEGAL, UNA VEZ QUE EL PRESENTE OBRE EN SU PODER, SE SIRVA REALIZAR LOS TRAMITES NECESARIOS PARA DILIGENCIARLO EN SUS TÉRMINOS.

LIC. ENRIQUE CLAUDIO GONZÁLEZ MEYENBERG.
JUEZ SEXTO DE DISTRITO EN MATERIA CIVIL EN EL DISTRITO FEDERAL.

LIC. NASHIELLY PAOLA TERCERO MATOS.
LA SECRETARIA.

*Número de origen subclasificación 347/2015*

➢ *Se remite sobre cerrado y auto con traducción y apostillamiento..*
©*jrc.*

FORMA CJF-002



JUDICIAL DE LA FEDERACIÓN
EJO DE LA JUDICATURA FEDERAL

**L.F. 049/2015**

**EL LICENCIADO GONZALO MOCTEZUMA BARRAGÁN,**
**SECRETARIO EJECUTIVO DEL PLENO DEL CONSEJO DE LA JUDICATURA**
**FEDERAL,** de conformidad con lo que dispone el artículo 85, fracción IX, de la Ley
Orgánica del Poder Judicial de la Federación, y 79, fracciones XI y XII, del Acuerdo
General del Pleno del Consejo de la Judicatura Federal, por el que se expide el
similar que reglamenta la organización y funcionamiento del propio Consejo; y
reforma y deroga diversas disposiciones de otros acuerdos generales, así como el
Acuerdo de dieciséis de enero de dos mil quince, por el que se delega en el
Secretario Ejecutivo del Pleno del Consejo de la Judicatura Federal, la facultad de
legalizar la firma de los servidores públicos del Poder Judicial de la Federación en
los casos en que la ley exija este requisito; hace constar que, las firmas que obran al
calce de la carta rogatoria que se describe a continuación, pertenecen a los
licenciados Enrique Claudio González Meyenberg y Nashielly Paola Tercero Matos,
servidores públicos del Poder Judicial de la Federación con los cargos de juez y
secretaria del Juzgado Sexto de Distrito en Materia Civil en el Distrito Federal,
respectivamente; como se desprende del documento, rubricado y sellado.

Carta rogatoria 2/2015-II, de dos de junio de dos mil
quince, dirigida al Secretario de Relaciones Exteriores, derivada de los autos del
juicio ordinario mercantil 597/2014-II, del índice del Juzgado Sexto de Distrito en
Materia Civil en el Distrito Federal, promovido por Operación y Supervisión de
Hoteles, Sociedad Anónima de Capital Variable, en contra de Servicios
Administrativos Etisa, Sociedad Anónima de Capital Variable y otras.

México, Distrito Federal, a nueve de junio de dos mil
quince.

**EL SECRETARIO EJECUTIVO DEL PLENO**
**DEL CONSEJO DE LA JUDICATURA FEDERAL**

**LICENCIADO GONZALO MOCTEZUMA BARRAGÁN**

**EL SECRETARIO TÉCNICO**

**LICENCIADO RAFAEL GARCÍA ZAMORA**

MGA

FORM B-6

PRINTED
STAMP
BEARING THE
OFFICIAL
SEAL OF
MEXICO

FEDERAL JUDICIARY POWER

Mexico City, D.F. June 2, 2015

ROGATORY LETTER NUMBER 2/2015 – II

MR. ENRIQUE CLAUDIO GONZÁLEZ MEYENBERG, SIXTH DISTRICT JUDGE IN CIVIL MATTERS OF THE FEDERAL DISTRICT TO YOU SECRETARY OF FOREIGN RELATIONS, WHOM I HAVE THE HONOR TO ADDRESS, HEREBY INFORM

THAT IN THE PROCEEDINGS OF THE ORDINARY COMMERCIAL TRIAL 597/2014 – II, PROMOTED BY OPERACIÓN Y SUPERVISIÓN DE HOTELES, SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE **VERSUS** SERVICIOS ADMINISTRATIVOS ETISA, SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE **AND OTHERS THE FOLLOWING RESOLUTION WAS DICTATE AS LITERALLY READS:**

"MEXICO, FEDERAL DISTRICT MAY 26, 2015.

Add to the record on this matter, the briefs -first - signed by Agustín García Bolaños Cacho, legal representative for Servicios Administrativos Etisa, Sociedad Anónima de Capital Variable, representation that is accredited and recognized in the case **(page 311 of volume II)** and the second signed by **Samantha Sirenia Álvarez Méndez**, legal representative for the plaintiff **OPERACIÓN Y SUPERVISIÓN DE HOTELES, SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE**, representation that is accredited and recognized in the case **(page 248 of volume I)** and regarding its content, this Court finds:

Regarding the letter signed with the page 15053, as requested by the promotor, it has been authorized to hear and receive notifications, documents and securities as well as to appear in the proceedings the person referred, in terms of the provisions of the first before last paragraph of article 1069 of the Code of Commerce, without prejudice of those designated previously.

In regard to the letter registered with the number 15054, inform the undersigned that regarding the petition made, in the sense of accusing in contempt incurred by the co-defendants Bank of America Mexico, Sociedad Anónima, Institución de Banca Múltiple (hereinafter Bank of América México) and Bank of América, National Association (hereinafter Baña), for not having complied with the order given to the resolution letter of May 6 of the year in course   (pages 438 to 444 of volume II), in relation with the evidence offered by the plaintiff, inform him that he must comply with the resolution given to letter dated May 22 of the year in course (pages 567 to 569 of volume II)   in which this judicial organ resolved with regard to the expert evidence.

Given the above, this judicial organ proceeds to prepare the revision of the evidence of the testimonials evidence admitted from the plaintiff to the letter dated May 6 of the year in course (pages 438 to 444 volume II) marked with the numbers seven and eight in the following manner:

In regard to the testimonial charged to Agustín García Bolaños Cacho, which domicile is located at:

A STAMP APPEARS ACROSS THE TEXT BEARING THE
OFFICIAL SEAL OF MEXICO AND READING: UNITED
MEXICAN STATES; SIXTH DISTRICT COURT ON CIVIL
MATTERS IN MEXICO CITY

Lic. María Elena Cruces Ramírez
Perito Traductor No. P.109-2001

❖   Rivera del Lago number 36, Fraccionamiento Lomas de Cocoyoc, Municipality of Atlatlahuacan, State of Morelos.

Based on the provisions established by articles 144 and 145 of the Organic Law of the Judicial Branch of the Federation, in addition, according to the General Accord number 3/2013 of the Full Membership of the Federal Judicial Board and 1071 of the Code OF Commerce, send a kind letter to the District Judge in order in the State of Morelos, with residents in Cuernavaca, so that in aid of the tasks of this court, proceed to address the testimony in comment to which effect is ordered to accompany the official communication with the interrogation of questions prepared by the plaintiff party in a closed envelope, therefore, in its preparation, proceed to qualify same consisting in 12 questions, which are qualified as legal in full except that marked with the number 11, the foregoing based on article 1263 of the Code of Commerce, that is, taking into consideration that the question made in number 11 is contained in question 12, therefore since it is repeated it is not qualified as legal; list of questions ordered to be attached to the corresponding letter and leave a copy of same attached to the proceedings in evidence, in the understanding that the co-defendants did not prepare any re-questioning.

Now then, for the preceding of the testimony in comment, request the judge being addressed to proceed to the calling of the witness Agustín García Bolaños Cacho, at the domicile located at: Rivera del Lago number 36, Fraccionamiento Lomas de Cocoyoc, Municipality of Atlatlahuacan, State of Morelos, empowering the judge to impose the warning measures necessary to attain the summons and in general to provide the necessary for the effective preceding of this diligence and stating a date for its reception, informing this this judicial organ through fax (0155   5133 8100, extension 1759), in order that the parties, if it is their wish, have the opportunity to attend such diligence in terms of the provisions established in article 1270 of the Code of Commerce.

For its performance, the addressed judge is empowered to resolve all type of recourses, require the plaintiff the clarifications necessary that have the direct or indirect purpose for the performance of the diligence ordered, leaving summons and imposing the warning measures that are necessary, turning non business days and hours into business days and hours, additionally granting the freedom of jurisdiction in order, in turn to delegate such authority to the judge which per issues of domicile of the witness to have knowledge of the diligence requested.

Equally, based on article 1072 of the Code of Commerce previously mentioned, deliver the plaintiff or its agents authorized the corresponding letter in order to reach its destination, therefore the plaintiff is required in order that within a term of three days computed as of the notification of this letter, to appear before this trial to collect the aforementioned letter, under warning that failure to do so in the terms indicated such evidence will be dismissed per the impossibility of its proceeding.

In relation to the testimony charged to Thomas Ruffing, which domicile is located at:

❖   83 Ochard RD, Briarcliff Manor NY, 10510-1022 (Westchester County), United States.

Now then, based on the content of article 88 of the Federal Civil Procedural Code, of supplement application to the Code of Commerce, that states the notorious facts that may be invoked by the court knowing the issue regarding to the case, although not having been argued, nor proven by the parties of same, it has been considered a notorious fact that this trial is accrued to the various ordinary commercial trial 479/2010 – IV, promoted by Operación y Supervisión de Hoteles, Sociedad Anónima de Capital Variable, versus Promotora de Inmuebles del Caribe, Sociedad Anónima de Capital Variable, of this court, promoted by the same plaintiff party, reason why having on site the aforementioned trial it is advised that the plaintiff stated as a new domicile of the witness Thomas Ruffing, that located at 83 Ochard RD, Briarcliff

A STAMP APPEARS ACROSS THE TEXT BEARING THE OFFICIAL SEAL OF MEXICO AND READING: UNITED MEXICAN STATES; SIXTH DISTRICT COURT ON CIVIL MATTERS IN MEXICO CITY

Lic. María Elena Cruces Ramírez
Perito Traductor No. P.109-2008

Manor NY, 10510-1022 (Westchester County), United States, which constitutes a notorious fact of which this court has knowledge and is invoked in this instance.

To serve as support of the foregoing, is the criteria sustained by the Collegiate Court of the 20th Circuit in the jurisprudence XXII. J/12, published in page 295 of the Weekly Judicial of the Federation and its Gazette, volume V, January 1997, Common Matter, that literally reads:

NOTORIOUS FACT, CONSTITUTING FOR A DISTRICT JUDGE THE VARIOUS ISSUES PROCESSED BEFORE HIM. The foregoing, Third Room of the Supreme Court of justice of the Nation, in the jurisprudence number 265, contained in pages 178 and 179 of the last Appendix to the Judicial Weekly of the Federation, the title "NOTORIOUS FACT. CONSTITUTING FOR A ROOM OF THE SUPREME COURT OF JUSTICE OF THE NATION AN EXECUTION ISSUED BY THE FULL COURT", sustained the criteria in the sense that the issue of an execution order pronounced previously by the Full Membership or by the own Room constitutes for the Magistrates intervening in its voting and discussion a notorious fact, which may be introduced as an element of that evidence in another trial, without the need to be offered as such or argued by the parties. Partaking from the foregoing it is evident that for a District Judge, a notorious fact is constituted by the various issues processed before him and therefore when in an incidental note there exists a copy of a various document which original is contained in the principle, the Federal Judge when resolving over the injunction relief and in order to prevent the petitioner of the appeal to sustain damages and losses of difficult repair, it may place on sight that trial and evidence the existence of the original of such document."

Based on the provisions established in article 1073 of the commercial legislation in effect, as well as in the Hague Convention over the Attainment of Evidence Abroad in Civil or Commercial Matters, send a Rogatory Letter with the necessary insertions to the Department of Justice of the United States of America – central authority –, with support in the provisions established in article second of the aforementioned international instrument, in order that in aid of the tasks of this District Court, proceed to process the testimonial charged to Thomas Ruffing, with domicile located at 83 Ochard RD, Briarcliff Manor NY, 10510-1022 (Westchester County), United States, through the judicial corresponding organ – competent Judge in the city of New York, United States of America, satisfying the requirements established in article third of the aforementioned Convention, as follows:

a) Requesting authority:

*Sixth District Court on Civil Matters in Mexico City.* Edificio Sede del Poder Judicial de la Federación en San Lázaro, Eduardo Molina número 2, Colonia Del Parque, Delegación Venustiano Carranza, código postal 15960, en México, Distrito Federal.

Receiving authority:

Competent Judge in the City of New York, United States

b) Identification of and addresses for the parties, and their representatives, accordingly

Plaintiff:

OPERACIÓN Y SUPERVISIÓN DE HOTELES, S.A. DE C.V.

A STAMP APPEARS ACROSS THE TEXT BEARING THE OFFICIAL SEAL OF MEXICO AND READING: UNITED MEXICAN STATES; SIXTH DISTRICT COURT ON CIVIL MATTERS IN MEXICO CITY

Lic. María Elena Cruces Ramírez
Perito Traductor No. P.109-2001

**Address: THE BULLETIN BOARDS OF THE REQUESTING COURT**

Co-defendents:

❖ Servicios Administrativos Etisa, Sociedad Anónima de Capital Variable.

Domicile: Insurgentes Sur 1999, Colonia Guadalupe Inn, C.P. 01020, México, Distrito Federal.

❖ Bank of América México, Sociedad Anónima, Institución de Banca Múltiple (hereinafter Bank of América México).

Domicile: Calle Capuchinas número 55, Colonia San José Insurgentes, C.P. 03900, México, Distrito Federal.

❖ Bank of América, National Association (hereinafter Baña).

Domicilio: Calle Capuchinas número 55, Colonia San José Insurgentes, C.P. 03900, México, Distrito Federal.

**c) The nature and subject of the proceedings and summary of the facts**

The purpose of this requirement is to process the TESTIMONIAL charged to Thomas Ruffing, with domicile located at 83 Ochard RD, Briarcliff Manor NY, 10510-1022 (Westchester County), United States, evidence offered and admitted to the plaintiff in the proceedings of this trial and which subject of litigation regards the performance of the hotel administration contract executed between the plaintiff and Servicios Administrativos Etisa, Sociedad Anónima de Capital Variable, dated September 10, 2004, as well as the termination of the cash handling contract dated October 3, 2006 and annulment of the administration assignment agreement executed on the same date and its consequences.

**d) Obtaining of evidence or other judicial actions to be carried out.**

The execution of the requirement requested is to be carried out according to the guidelines following, insofar as such cause no violation of the legislation to which the receiving authority is bound:

> 5. *The server designated will verify that the address provided for serving the summons is correct and on such being the case, will notify the party served of the day and time the private agent requested has set for the execution of the testimonial evidence requested; if the party to be summoned is not found, the notification will be served by substitute service delivered to the employees or any other person found at the address, noting the means by which the server verified the address to be correct and that the person who received the summons identified themselves to the server, or provides their personal information and physical description for proper identification.*

A STAMP APPEARS ACROSS THE TEXT BEARING THE OFFICIAL SEAL OF MEXICO AND READING: UNITED MEXICAN STATES; SIXTH DISTRICT COURT ON CIVIL MATTERS IN MEXICO CITY

Lic. María Elena Cruces Ramírez
Perito Traductor No. P.109-2002.

6.    *Henceforth, the server will then proceed to serve the respective notification delivering the certified copies of the documents that accompany the request in question to the recipient or the person that receives the notification; as well as the place, date and time to become present for the execution of the testimonial evidence requested.*

7.    The date stated for the processing of the testimony evidence, the witness must accredit his/her legal capacity or identity himself with an official identification containing a picture of the witness and which copy must be attached to the minute performed, similarly it must be included in the minutes its general data; that is, its complete name, age, civil status, domicile, occupation, if he/she is a relative by law or blood and in what degree to any of the parties, if he/she is a dependent or employee of the parties or has any association or any other relation of interests with the parties, has a direct or indirect interest in the litigation, is an intimate friend or enemy of any of the litigating parties, henceforth, it will proceed to the processing of the questions contained in the interrogation sent.

8.    *Having completed the above, return the letter rogatory with the hearing record or the result of same.*

Similarly, it is indicated that according to the Mexican law the processing of testimony evidence in the ordinary mercantile trial is governed by the rules established in the Civil Proceedings Federal Code and Commerce Code in order that they be taken into account always and as long as they do not contravene the provisions established in the receiving State.

The regulatory provision of the Commerce Code applicable to the processing of the testimony in question are as follows:

Article 1,261. All those having knowledge of the facts that the parties must prove are bound to depose as witnesses.

Article 1,264. The oath and examination of the witnesses will be made in presence of the parties attending. The promoter of the evidence shall depose the witness and afterwards the other attorneys.

Article 1,265. After taking the oath from the witness to state the truth and advising of the penalties incurred by false witnesses, his name and last name, age, civil state, domicile and occupation will be asked; if he is a relative by blood or law and in what degree of any of the litigating parties, if it is dependent or employee of those present or have any association or any relation of interest, if he has direct or indirect interest in the dispute, if he is an intimate friend or enemy of any of the litigating parties. Henceforth, he shall be examined.

Article 1,269. When the witness resides outside the territorial jurisdiction of the judge attending the trial, the promoting party when offering the evidence must presents its interrogation with the corresponding copies from the other parties, which in a term of three days may present their interrogations of re-questioning. For the examination of these witnesses the letter rogatory will be issued including the list of questions and re-questioning in an enclosed envelope.

When the processing of the testimony evidence is requested or the representation of a party to have effects in a foreign proceeding, the parties may be orally interrogated and directly in terms of the provisions of this Code.

A STAMP APPEARS ACROSS THE TEXT BEARING THE
OFFICIAL SEAL OF MEXICO AND READING: UNITED
MEXICAN STATES; SIXTH DISTRICT COURT ON CIVIL
MATTERS IN MEXICO CITY

Lic. María Elena Cruces Ramírez
Perito Traductor No. P.109-2002

To that effect it shall be necessary to accredit to the proceedings court that the facts subject of interrogation are related with the proceeding pending and that there is a request from a party or authority making such.

Article 1,270. The parties may attend the act of interrogation of the witnesses but may not interrupt them nor ask questions or re-questioning to those formulated in their corresponding interrogations. Only when the witness stops answering any issue or has incurred in contradiction or has expressed himself ambiguously may the parties address the court to demand from the witness the prompt clarifications.

Article 1,272. The judge upon examining the witnesses may make the questions deemed appropriate as long as they are related to the facts contained in the interrogation list.

When the witness stops answering any issue or has incurred in contradictions or has expresses himself ambiguously may the parties call upon the judge for him to demand from the witness the prompt clarifications if the judge deems necessary.

The court will have the fullest authority to ask the questions to the witnesses and the parties deemed appropriate to the investigation of the truth regarding the points in dispute.

If the witness does not know the language he will render his deposition through a interpreter appointed by the judge. If the judge should ask furthermore to have his deposition written in Spanish it may be written in his own language by him or his interpreter.

The answers of witnesses will be evidenced in proceedings in a way that at the same time are understood the sense or terms of the questions made. Save in exceptional cases at the judge's criteria allowing to textually write the questions and afterwards the answers.

The witnesses are bound to give foundations of their sayings and the judge must demand it in any case.

Thereafter, the regulatory provisions of the Civil Proceedings Federal Code, are as follows:

CHAPTER III

"Notifications. […]

Article 304.- The resolution in which a notification, summons or citation is ordered, shall express the purpose of the proceeding and the names of the persons to whom it must be practiced.

Article 310.- The personal notification or services will be made to the interested party or its representative or attorney at fact, at the home designated, leaving a full copy, authorized, of the resolution being serviced.[…]

If pertaining a notification of lawsuit, and if upon the first search the person notified is not found a citation will be left to await at the designated home, at the fixed time of the following day and failure to await he will be notified by instructive delivering the corresponding copies when performing the service or leaving same.

Article 311.- In order to perform a personal service and except for the cases provided in article 307, the service agent will make sure through any means that the person to be notified lives in designated home and afterwards shall practice the diligence and everything acted shall be written in the minutes.

In case the service agent cannot make sure that the person to be notified lives in the designated home it shall refrain from practicing the service and will evidence same to inform the court without prejudice to proceed in terms of article 313.

A STAMP APPEARS ACROSS THE TEXT BEARING THE
OFFICIAL SEAL OF MEXICO AND READING: UNITED
MEXICAN STATES; SIXTH DISTRICT COURT ON CIVIL
MATTERS IN MEXICO CITY

Lic. María Elena Cruces Ramírez
Perito Traductor No. P.109-2002.

Article 312.- If, at the home the interested party or the person receiving the service agent fail to accept the notification, the service agent shall do so by instructive attached to the door of same, stating the reason of such circumstances. Equally it shall proceed when not attending the call of the service agent.

Article 313.- When at the discretion of the service agent there is a reasonable suspicion that the person to be notified is stated not to live in the designated home, the notification will be made in the place where he regularly works, if finding the person, according to the details provided in the promotion. The notification can also be made personally to the interested party at any place found but in the cases of this article, it must be certified by the service agent to be the person notified of his personal knowledge or having identified same by two witnesses of his knowledge, whom shall sign with him if they know how. To perform the service in the cases of this article when the service agent states a different designation of the place to practice the service no new judicial determination shall be required.

Article 317.- The notifications must be signed by the person making such and those to whom are made, in case it is not known how or wishes not to sign the service agent shall do so for him evidencing this circumstance. Every person shall receive a simple copy of the resolution notified without the need of its judicial agreement. The copies not collected by the parties shall be kept in the clerkship, while this business is pending."

         *e)*       ***The names and domiciles of the persons to be heard.***

THOMAS RUFFING, at 83 OCHARD RD, BRIARCLIFF MANOR, NY, 10510-1022 (WESTCHESTER COUNTY), IN THE UNITED STATES OF AMERICA.

         **f)**      **The issues to be presented to the persons to be heard or the facts over which they must be heard.**

To be presented in a closed envelope containing the interrogation over which the execution of the testimonial evidence in question deals and the facts he/she knows.

Additionally, the execution of the testimonial evidence in question, empowering the receiving authority in the aforementioned terms stating a date and time of its reception, informing this court through fax (0155 51 33 8100, ext. 1759) or the means of communication deemed pertinent for the parties to have opportunity if it is their wish to attend this diligence in terms of the provisions of article 1270 of the Commerce Code; in the understanding that the co-defendants did not formulate any re-questioning.

For its performance, the receiving competent Judge of the City of New York, United States, is empowered in order that once summoned the witness on the date and time indicated to that effect, he does so under warning that failure to appear without justifiable cause will merit the penalties deemed appropriate and necessary, expressly empowering him to that effect and in general, to provide everything necessary for the effective performance of the diligence ordered, such as without limitation order any type of promotions tending to the execution of the testimonial requested.

Additionally, inform the receiving authority that the following persons are authorized to perform any type of proceedings and present recourses having the aforementioned purpose Samanthat Sirenia Alvarez Mendez, Hugo Alejandro Gomez Contreras and Mauricio Moreno Reyes.

A STAMP APPEARS ACROSS THE TEXT BEARING THE OFFICIAL SEAL OF MEXICO AND READING: UNITED MEXICAN STATES, SIXTH DISTRICT COURT ON CIVIL MATTERS IN MEXICO CITY

Lic. María Elena Cruces Ramírez
Perito Traductor No. P.109-2002

**g) The documents or other objects for examination.**

Enclosed envelope containing the interrogations of the questions made by the plaintiff party; therefore, hence, in its preparation, its qualification should proceed consisting in fifteen questions, which are qualified as legal totally except that marked with the number fourteen; the foregoing based on article 1263 of the Commerce Code, this is taking into consideration the question made in number fourteen is contained in question fifteen, and therefore by being repetitious is not qualified as legal,   the list of questions must be attached to the letter rogatory in question and leave the certified copy of same in the safebox of the court.

**h) The petition to receive the deposition under oath or affirmation and if any, the indication of the formula to be used.**

When performing the execution of the testimony in question, it must be performed under oath and informing that the persons making false representations or rendering a false testimony before a judicial authority incur in a felony, additionally indicating the reason of their representations.

**i)     The special forms which application is demanded according to article 9.**

**Non applicable.**

Therefore it is placed at the availability of the plaintiff party the letter rogatory in question in duplicate, in the understanding that it is its liability to present such with its corresponding translation as well as the necessary attachments, also with their corresponding translation and of such documents or certificates annexed afterwards for processing, in order to perform the necessary proceedings for its execution, that is, this letter before the Federal Judicial Board, in order for it to proceed to its legalization of signatures of the officers signing same, afterwards present such before the Secretariat of the Interior for its apostille at its charge, performing the corresponding translation also to such and perform the measures necessary for its shipment, processing and return in the term granted to that effect.

Once the letter rogatory in question has been apostille, return immediately to this judicial organ for evidence of such act, with its corresponding translation into the English language of the United States, in three counterparts, both of the official communication aforementioned, as well as the apostille, and the copies of transfer( interrogation) and of this letter as well as the certification made to the latter, necessary to practice the execution of the testimony in question.

To that effect require the plaintiff party through notice made by list, in order to appear in the premise of this court within the term of three days following the date when notified of this letter, to collect the corresponding official letters together with the insertions and annexes necessary for the purposes previously mentioned, within the five following days of having accredited performing the first proceeding for its execution, with ideal documentation and within the 10 days following the subsequent proceedings until it's presentation before the competent authority of the United States, under warning that failure to do so in the terms indicated will result in not receiving such evidence due to the impossibility of execution.

Equally warn the plaintiff party in case that for reasons attributable to its principal the letter rogatory is not executed, will result in it will not be received such evidence due to the impossibility of its execution.

As requested by the complainant,   an extraordinary term is granted for the execution of the testimonial evidence charged to Agustín García Bolaños Cacho y Thomas Ruffing given that the domiciles of the aforementioned witnesses are outside the jurisdiction of this judicial organ and the national territory, therefore based on the provisions of articles 1206 and 1207 of the Code of Commerce, in relation with 293 of the Civil Proceedings Federal Code of supplementary application to the legal ordinance indicated firstly,

A STAMP APPEARS ACROSS THE TEXT BEARING THE
OFFICIAL SEAL OF MEXICO AND READING: UNITED
MEXICAN STATES; SIXTH DISTRICT COURT ON CIVIL
MATTERS IN MEXICO CITY

Lic. María Elena Cruces Ramírez
Perito Traductor No. P.109-2002

an extraordinary term is granted of four months in order to achieve the execution of such evidence means.

Finally, attach to the proceedings the reasons of the judicial clerk of this Court by which it mentions the impossibility had to notify the witnesses Guillermo Pérez Santiago and Ricardo Gómez Palacio del Río or Ricardo Adán Gómez Palacio del Río in performance of the order dated 6 and 20 May 2015 ( pages 438 and 444 of volume II, 505 and 506) for the reasons indicated, with the foregoing provide a copy to the plaintiff party to represent as appropriate.

**NOTIFY BY LIST THE PLAINTIFF AND COMPLY.**

Thus, was resolved and signed by Mr. ENRIQUE CLAUDIO GONZÁLEZ MEYENBERG, Sixth Judge of District in Civil Matters of the Federal District before the Clerk, Nashielly Paola Tercero Matos who gives testimony.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

"MEXICO, FEDERAL DISTRICT, JUNE 2, 2015.

Add to the record the letters signed by Samantha Sirenia Álvarez Méndez legal representative for the plaintiff **OPERACIÓN Y SUPERVISIÓN DE HOTELES, SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE,** representation that is accredited and recognized in the case **(page 248 of volume I)** and regarding its content, this Court finds:

As requested by the complainant, and according to the procedural status of these proceedings is advised that through the letter dated May 26 of this year, (pages 585 to 592 of volume II) it was noted as domicile of the witness Thomas Ruffing, that located at 83 Ochard RD, Briarcliff Manor NY, 10510-1022 (Westchester County), United States, being correct that located at 83 Orchard RD, Briarcliff Manor NY, 10510-1022 (Westchester County), United States, therefore based on the provisions of article 1055 Section VIII of the Commerce Code the aforementioned letter is clarified only regarding the correct domicile of the aforementioned witness that must remain as 83 <u>ORCHARD</u> RD, BRIARCLIFF MANOR NY, 10510-1022 (WESTCHESTER COUNTY), UNITED STATES.   The foregoing for the legal purposes in question, therefore ordering the insertion of this proceeding in the letter rogatory 2/2015-II.

In this sense, require the complainant through personal notice in order to appear in the premise of this court within the term of three days following the date of notification made in this letter to collect the international communication in question, in the understanding that it is under warning decreed in the aforementioned proceeding dated May 26 of this year (pages 585 to 592 of volume II).

**NOTIFY THE PLAINTIFF PERSONALLY AND PERFORM.**

Thus, was resolved and signed by Mr. ENRIQUE CLAUDIO GONZÁLEZ MEYENBERG, Sixth Judge of District in Civil Matters of the Federal District before the Clerk, Nashielly Paola Tercero Matos who gives testimony.

**SIGNED. TWO ILLEGIBLE SIGNS. INITIALS.**

A STAMP APPEARS ACROSS THE TEXT BEARING THE
OFFICIAL SEAL OF MEXICO AND READING: UNITED
MEXICAN STATES; SIXTH DISTRICT COURT ON CIVIL
MATTERS IN MEXICO CITY

Lic. María Elena Cruces Ramírez
Perito Traductor No. P.109-2002

AND IN ORDER THAT MY MANDATE HAS ITS EXACT AND FULL PERFORMANCE, TO YOU, FOREIGN RELATIONS SECRETARY I ASK THAT IN AID OF THE FEDERAL JUSTICE AND IF THERE IS NO LEGAL IMPEDIMENT, AS SOON AS THIS INSTRUMENT IS IN YOUR POSSESSION ORDER ITS DILIGENCE IN ITS TERMS.

SINCERELY:

[illegible signature]

MR. ENRIQUE CLAUDIO GONZÁLEZ MEYENBERG.

THE SIXTH JUDGE OF DISTRICT IN CIVIL MATTERS OF THE FEDERAL DISTRICT

[illegible signature]

MS. NASHIELLY PAOLA TERCERO MATOS, CLERK.

NUMBER   OF ORIGINAL SUBCLASIFICATION. 347/2015

- Sent in enclosed envelope and proceeding with translation and apostille. jrc.

A STAMP APPEARS ACROSS THE TEXT BEARING THE
OFFICIAL SEAL OF MEXICO AND READING: UNITED
MEXICAN STATES; SIXTH DISTRICT COURT ON CIVIL
MATTERS IN MEXICO CITY

Lic. María Elena Cruces Ramírez
Perito Traductor No. P.109-2002

*********************************

*Lic. Ma. Elena Cruces Ramírez, Perito Traductor No. P.109-2002, autorizado por el Consejo de la Judicatura Federal de acuerdo con el Diario Oficial de la Federación, de fecha 12 de junio de 2015, Tomo DCCXXXVII No. 07, certifico que la anterior traducción del idioma inglés contenida en 10 páginas es fiel y completa según mi leal saber y entender.*

*México, D.F. a 01 de junio de 2015.*

*********************************

Lic. María Elena Cruces Ramírez
Perito Traductor No. P.109-2002.

**(CERTIFIED TRANSLATION)**

(National Emblem of México)
(Illegible)

L.F. 049/2015

**THE ATTORNEY GONZALO MOCTEZUMA BARRAGÁN, EXECUTIVE SECRETARY OF THE PLENARY SESSION OF THE FEDERAL JUDICIAL COUNSEL,** pursuant to article 85, fraction IX, of the Organic Law of the Judicial Power of the Federation and 79, fractions XI and XII, of the General Agreement of the Plenary Session of the Federal Judicial Counsel, for which the similar, governing the organization and operation of the of the same Counsel is issued; and amends and derogates various provisions of other general agreements, and the Agreement dated on January sixteen two thousand and fifteen, whereby it is delegated to the Executive Secretary of the Plenary Session of the Federal Judicial Counsel the power to legalize the signature of the public servants of the Judicial Power of the Federation in the events that this requirement is requested by the law; states that, the signatures at the bottom of the rogatory letter as described below, belong to the attorneys Enrique Claudio González Meyenberg and Nashielly Paola Tercero Matos, public servants of the Judicial Power of the Federation in their capacity as judge and clerk of the Sixth District Court for Civil Matters in the Federal District respectively, as it is clear from the initialed and sealed document.

Rogatory letter 2/2015-II, dated on June two, two thousand and fifteen to the Secretary of Foreign Affairs derived from the case records of the commercial action 597/2014-II of the docket of the Sixth District Court for Civil Matters in the Federal District filed by Operación y Supervisión de Hoteles, Sociedad Anónima de Capital Variable, against Servicios Administrativos Etisa, Sociedad Anónima de Capital Variable and others.

México, Federal District, June nine two thousand and fifteen.

(Illegible seal)

**THE EXECUTIVE SECRETARY OF THE PLENARY SESSION OF THE FEDERAL JUDICIAL COUNSEL**

(Illegible signature)
**ATTORNEY GONZALO MOCTEZUMA BARRAGÁN**

**THE TECHNICAL SECRETARY**

(Illegible signature)
**ATTORNEY RAFAEL GARCÍA ZAMORA**

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

*Ma. Elena Cruces Ramirez, Expert Translator No. P.109-2002, authorized by the Judiciary Council of the Federal Government by agreement published in the Official Gazette on February 10, 2015, Volume DCCXXXVII No. 07, certify that the preceding translation from Spanish on 01 page is true and complete to the best of my knowledge and understanding.*

*Mexico City, Mexico, June 12, 2015.*

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

Lic. María Elena Cruces Ramíre
Perito Traductor No. P.109-200

[CERTIFIED TRANSLATION]

STAMP BEARING THE OFFICIAL
SEAL OF MEXICO, READING:
UNITED MEXICAN STATES

**MEXICO**

019072/2015

DEPARTMENT OF INTERNAL AFFAIRS

**APOSTILLE**
(Convention de La Haye du 5 octobre 1961)

**1. Country** (país/pays)**:**   **Mexico**

**This public document**
(El presente documento público/Le présent acte public)

**2. has been signed by:**   **LIC. GONZALO MOCEZUMA BARRAGÁN**
(ha sido firmado por / a été signé par)

**3. acting in the capacity of:**   EXECUTIVE SECRETARY OF THE PLENARY SESSION OF
(quien actúa en calidad de / agissant en qualité de)   THE COUNCIL OF THE FEDERAL JUDICIARY

**4. and bears the seal/stamp of:**   THE FEDERAL JUDICIARY

(y está revestido del sello/timbre de / est revêtu du sceau/timbre de)

**Certified**
(Certificado / Attesté)

**5. in** (en/à) **MEXICO CITY, MEXICO**      **6. on** (el día / le)   **12 JUNE 2015**

**7. by** (por/par)   EFRAÍN TERMINEL MUÑOZ, DEPUTY DIRECTOR OF RESOLUTION FOLLOW-UP,
ASSISTING THE HEAD OF THE GOVERNMENT DEPARTMENT UNIT, ON THE GROUNDS
OF ARTICLES 10 SECTION I AND 11 LAST PARAGRAPH OF THE INTERNAL
REGULATION FOR THE DEPARTMENT OF INTERNAL AFFAIRS.

ILLEGIBLE SIGNATURE

**8. No.** (No./sous n°)   **1 / 17022 / 2015**      **9.  Seal / stamp**      **10.**
**Signature**

(sello/timbre / sceau/timbre)      (firma / signature)

**Type of Document:**   **ROGATORY LETTER**
(Tipo de documento / Type d'acte)

**Name of Bearer:**   **SAMANTHA SIRENIA ALVAREZ MENDEZ**
(Nombre del titular / Nom du titulaire)

This Apostille only certifies the signature, the capacity of the signer, and
the seal or stamp it bears. It does not certify the content of the document
for which it was issued.

La presente Apostilla solo certifica la firma, la capacidad del signatario y
el sello o timbre que la ostenta. La Apostilla no certifica el contenido del
documento para el cual se expidió.

Cette Apostille ne certifie que la qualité en laquelle le
signataire de l'acte a agi, et le sceau ou le timbre dont cet acte est
revêtu. Elle ne certifie pas le contenu du document pour lequel elle a été
émise.

The authenticity of this Apostille and its electronic signature may be verified at :
La autencidad de esta Apostilla y su firma electrónica puede ser verificada en :
L'authenticité de cette Apostille et de sa signature électronique peut être vérifiée
sur :

www.dicoppu.gobernacion.gob.mx/registro

**Code:** (código / code)

**K4DLRKKT**

QR
CODE

Lic. María Elena Cruces Ramírez
Perito Traductor No. P.109-2002

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

*Lic. Ma. Elena Cruces Ramírez, Perito Traductor No. P.109-2002, autorizado por el Consejo de la Judicatura Federal de acuerdo con el Diario Oficial de la Federación, de fecha 10 de febrero de 2015, Tomo DCCXXXVII No. 07, certifico que la anterior traducción del idioma inglés contenida en 01 página es fiel y completa según mi leal saber y entender.*

*México, D.F. a 12 de junio de 2015.*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Lic. María Elena Cruces Ramírez
Perito Traductor No. P.109-2002